**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| WILLIAM HEITH COOK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 14-3200-CV-S-MDH-P |
| vs. | ) | |
| | ) | |
| ALAN EARLS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, a convicted state prisoner currently confined at the Fulton Reception and Diagnostic Center in Fulton, Missouri, has filed *pro se* a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging his 2009 conviction and sentence for driving while intoxicated, which were entered in the Circuit Court of Christian County, Missouri, pursuant to a plea of guilty. Petitioner was sentenced to seven years' imprisonment, but execution of the sentence was suspended and Petitioner was ordered to participate in a long-term substance abuse program.

Petitioner raises four (4) grounds for relief: (1) he was abandoned by post-conviction motion and post-conviction appellate counsel; (2) he was denied the right to appeal the denial of post-conviction relief because no transcript was available of his resentencing; (3) his guilty plea was involuntary and coerced because the state court judge intervened in the plea negotiations and caused Petitioner not to understand that he would be required to serve 80% of his sentence; and (4) his sentence is void and illegal because Petitioner never agreed to a seven-year sentence on a class C felony. Doc. No. 1, pp. 5-16. Respondent contends that Grounds 1 and 2 are not cognizable in federal habeas and that Grounds 3 and 4 are procedurally defaulted. Doc. No. 40,

pp. 8-12.

In reply, Petitioner requests a transcript from his resentencing hearing on March 23, 2011. Doc. No. 42, p. 2-4; Doc. No. 43; Doc. No. 44. Petitioner does not identify how the requested transcript would be relevant considering Respondent's argument, which does not reach the merits of Petitioner's grounds for relief. Doc. No. 42, p. 2-4; Doc. No. 40, pp. 8-12. Because a decision on the procedural default and cognizability issue would preclude review of Petitioner's claims on the merits, Petitioner's request for transcripts to further expand the record will be denied. *See* Rule 5 of the Rules Governing Section 2254 (requiring Respondent to submit "parts of the transcript that the respondent considers relevant."); *see also Beck v. Bowersox*, 257 F.3d 900, 901 (8th Cir. 2001) (holding that trial transcripts should be reviewed by the district court and made part of the record when the district court reaches the merits of Petitioner's claims).

**Statement of Facts**

On November 13, 2009, Petitioner pleaded guilty to driving while intoxicated (DWI), and the state plea court found him to be a chronic DWI offender. Resp. Ex. A, p. 1. As a chronic offender, Petitioner's DWI offense was classified as a class B felony and Petitioner was required to serve a two-year mandatory minimum imprisonment term prior to becoming eligible for probation or parole. *Id*.; Mo. Rev. Stat. § 577.023.5-6. The court sentenced Petitioner to seven years' imprisonment and placed him in the Missouri Department of Corrections' (DOC) Long-term Drug Treatment Program pursuant to Mo. Rev. Stat. § 217.362. Resp. Ex. A. Petitioner immediately was delivered to the DOC to begin the treatment program. Doc. No. 40, p. 5.

On March 18, 2010, Petitioner filed *pro se* a motion for post-conviction relief pursuant to Mo. Sup. Ct. R. 24.035. Resp. Ex. D. Petitioner's post-conviction counsel (PCR 1 Counsel)

filed an amended post-conviction motion on August 31, 2010. Resp. Ex. E. In the amended motion, Petitioner's post-conviction counsel argued that Petitioner received ineffective assistance of plea counsel because counsel failed to request certified copies of Petitioner's prior November 24, 1989, conviction, which was used to establish that Petitioner was a chronic DWI offender. *Id*. at 2-3. Had plea counsel requested a certified copy, counsel would have discovered that the judge presiding over Petitioner's 1989 conviction was not an attorney. *Id*. at 3. Counsel alleged that, had Petitioner known about this before he pleaded guilty, he would have insisted on proceeding to trial. *Id*.

On March 23, 2011, the motion court granted Petitioner relief. Resp. Ex. C, p. 1. As a result, the state court amended Petitioner's charge from a class B felony to a class C felony upon agreement of the parties, but the change did not alter Petitioner's sentence. Resp. Ex. A, p. 4. The finding did, however, reduce Petitioner's mandatory-minimum imprisonment term from two years to sixty-days' imprisonment, which Petitioner had already satisfied. Doc. No. 40, p. 5; *see* Mo. Rev. Stat. § 577.023.4. Petitioner's remaining seven-year sentence was within the statutory range permitted for a class C felony. Mo. Rev. Stat. § 558.011.1(3).

Upon successful completion of the treatment program, Petitioner was eligible for release as a result of the motion court's March 23, 2011, order. Doc. No. 40, p. 5. On April 15, 2011, Petitioner was granted probation. Resp. Ex. N, pp. 3-4. Petitioner sought no further relief from the motion court. Resp. Ex. C. On March 8, 2013, the motion court dismissed the action "for failure to prosecute as to the remaining Defendants," and Petitioner did not appeal. *Id*.

On March 9, 2012, Petitioner admitted that he violated the terms of his probation. Resp. Ex. N, p. 2. Petitioner's probation was revoked, and his seven-year sentence was executed on March 28, 2012. *Id*. at 1-2. Petitioner was delivered to the DOC to continue service of his

seven-year sentence. Doc. No. 40, p. 6. Because Petitioner has had three or more prior commitments to the DOC, he is required to serve eighty percent of his seven-year sentence. Resp. Ex. M. Petitioner would have been required to serve this percentage under either judgment. *Id*.; Resp. Ex. L.

After his return to the DOC, Petitioner filed another post-conviction motion (PCR 2) on July, 20, 2012. Resp. Ex. F. However, the motion court dismissed the motion as untimely. *Id*. Petitioner sought an appeal from the denial of his untimely post-conviction motion, but he voluntarily dismissed it on February 25, 2013. Resp. Ex. G; Resp. Ex. H.

## Discussion

***I. Grounds 1 and 2 are not cognizable for federal habeas review.***

In Ground 1, Petitioner alleges that his post-conviction motion counsel and post-conviction appellate counsel abandoned him after his successful post-conviction motion. Doc. No. 1, pp. 5-7. In Ground 2, Petitioner alleges that post-conviction counsel was ineffective for failing to inform him of the terms of his resentencing agreement and that, because no transcript or record of the post-conviction and resentencing hearing was available to him, he was denied the right to appeal. *Id*. at 8-9. Respondent contends that Grounds 1 and 2 are not cognizable in federal habeas. Doc. No. 40, pp. 8-9.

A freestanding claim of ineffective assistance of post-conviction counsel is not cognizable on federal habeas review. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Christenson v. Ault*, 598 F.3d 990, 995-96 (8th Cir. 2010) ("There is no federal constitutional right to the effective assistance of post-conviction counsel.") (citation omitted); *see also Mack v. Caspari*, 92 F.3d

637 (8th Cir. 1996) (abandonment by post-conviction counsel is not a cognizable claim for habeas relief). Because Grounds 1 and 2 are not cognizable under Section 2254, they will be denied.

***II. Grounds 3 and 4 are procedurally defaulted.***

In Ground 3, Petitioner alleges that his guilty plea was involuntary and coerced because the state court judge intervened during the discussion of a resentencing agreement and caused Petitioner not to understand that, by agreeing to amend his charge, he would be required to serve 80% of his seven-year sentence. Doc. No. 1, pp. 11- 13. In Ground 4, Petitioner alleges that his sentence is void and illegal because he never agreed to a seven-year sentence on a class C felony. *Id*. at 15-17. Respondent contends that Grounds 3 and 4 are procedurally defaulted, as they were not raised in either of his post-conviction motions. Doc. No. 40, pp. 9-12.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert*. *denied*, 516 U.S. 1056 (1996). "In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim . . . . Presenting a claim that is merely similar to the federal habeas corpus claim is not sufficient to satisfy the fairly presented requirement." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999) (citing *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996), *cert. denied*, 517 U.S. 1215 (1996)), *cert. denied*, 528 U.S. 846 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan*, 54 F.3d at 1381.

Petitioner did not raise either Ground 3 or Ground 4 in his PCR 1 *pro se* motion or amended motion, and Petitioner did not appeal the dismissal of his untimely PCR 2 *pro se*

motion.  Resp. Exs. D, E, F, G.  Therefore, he procedurally defaulted these claims.  *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri Courts at any stage of direct appeal or post-conviction proceedings is a procedural default), *cert. denied*, 523 U.S. 1010 (1998).  A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 752 (1950).

Petitioner appears to attempt to demonstrate legally sufficient cause for his procedural default by asserting that post-conviction counsel and post-conviction appellate counsel abandoned him and provided ineffective assistance.  Doc. No. 1, pp. 5-9.  Although not cited by Petitioner, this Court construes these claims as arguments for cause pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309, 1312 (2012).  In *Martinez*, the United States Supreme Court recognized that ineffective assistance of post-conviction counsel could qualify as cause excusing the failure to raise a claim of ineffective assistance of trial counsel in the post-conviction motion.  *Id*. at 1319-21.  Petitioner does not specifically raise any claims of ineffective assistance of trial counsel in Grounds 3 or 4, thus, *Martinez* does not apply.  However, even if this Court were to construe Petitioner's Grounds 3 and 4 as claims against Petitioner's plea counsel, Petitioner nevertheless fails to satisfy cause under *Martinez*.

A petitioner "may establish cause for a procedural default . . . in two circumstances: where the state courts did not appoint counsel in the [initial post-conviction] proceeding for an ineffective-assistance-at-trial claim; and where appointed counsel in the [initial post-conviction] proceeding . . . was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984)."  *Martinez*,

132 S. Ct. at 1312. "Thus, the assistance rendered must have been constitutionally substandard and prejudice must have resulted therefrom." *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004) (citing *Strickland*, 466 U.S. at 687). Therefore, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the [underlying] claim has some merit." *Martinez*, 132 S. Ct. at 1318.

Petitioner fails to demonstrate that post-conviction counsel was ineffective under the foregoing standard. In assessing Petitioner's claim that post-conviction counsel's performance was deficient, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*.

It is unclear whether Petitioner is challenging PCR Counsel 1 or PCR Counsel 2's failure to raise these claims. Insofar as Petitioner is arguing that PCR Counsel 1 should have raised these claims, this Court notes that neither Grounds 3 nor 4 were raised or discussed in Petitioner's *pro se* 24.035 motion (Resp. Ex. D), and therefore, it would be a difficult for Petitioner to allege that post-conviction counsel was ineffective for failing to raise them in his amended motion. Nevertheless, to the effect that post-conviction counsel should have raised additional claims regarding plea counsel's ineffectiveness and Petitioner's voluntariness during plea negotiations, Petitioner fails to demonstrate cause and prejudice under the *Strickland* standard. Because post-conviction counsel was successful on the claim of ineffective assistance of plea counsel in PCR 1, Petitioner cannot demonstrate prejudice from counsel's failure to raise

the defaulted claims, as Petitioner's desired outcome was granted and he was released on probation. Resp. Ex. B, p. 1-2; Resp. Ex. N, pp. 3-4. The desired outcome, a vacated judgment and resentencing, was reached by post-conviction counsel by raising the most meritorious claim to a successful end, thus, it was not outside of her wide range of professionally competent assistance to not bring any other claims. Moreover, it appears from the record that post-conviction counsel reviewed Petitioner's case file and the records associated with Petitioner's prior convictions and asserted what she felt to be the most meritorious claim. Resp. Ex. E, pp. 1-3. Finally, insofar as Petitioner is arguing that he was abandoned in his second post-conviction action by PCR Counsel 2, he cannot establish cause and prejudice because his *pro se* motion was untimely filed and counsel could not have filed a meritorious amended motion on his behalf. Resp. Ex. F. Therefore, Petitioner does not demonstrate cause and prejudice for his procedural default of Grounds 3 and 4.

Petitioner fails also to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) (a petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), *cert. denied*, 549 U.S. 1036 (2006). Consequently, Grounds 3 and 4 are procedurally barred and will be denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276

(2004). Because Petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) Petitioner's motion to expand the record (Doc. No. 43) is denied;

(2) Petitioner's motion to expedite this Court's orders ruling on Petitioner's motions (Doc. No. 44) is denied as moot;

(3) the petition for writ of habeas corpus is denied; and

(4) this case is dismissed with prejudice.

/s/ Douglas Harpool________________
DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated: July 15, 2015.